MICHAEL J. REEM v. ST. PAUL CITY RAILWAY COMPANY.[1]

December 21, 1900.

Nos. 12,341—(163).

**Street Railway—Payment of Fare—Charge to Jury.**

In a personal injury action which involved the question whether plaintiff had paid his fare and was a passenger upon defendant's car, a refusal to give a certain instruction, and the modification thereof as given, considered, and *held* to be proper.

Action in the district court for Ramsey county to recover $30,000 damages for personal injuries. The case was tried before Otis, J., and a jury, which rendered a verdict in favor of plaintiff for $5,600. From an order denying a motion for judgment in favor of defendant notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*Munn & Thygeson,* for appellant.

*J. W. Pinch* and *John D. O'Brien,* for respondent.

LEWIS, J.

This is an appeal from a second trial of this action, and a statement of the facts will be found in 77 Minn. 503, 80 N. W. 638. It is unnecessary to repeat them here. Upon the second trial the defendant requested the court to give the following instruction:

"Defendant requests the court to instruct the jury as follows: To entitle the plaintiff to recover in this action, the burden is upon him to show, by a fair preponderance of the testimony, that he was a passenger upon the car of the defendant on which the accident happened. If the plaintiff was not a passenger, he cannot recover in this action, and your verdict must be for the defendant. In order to constitute this plaintiff a passenger under the evidence introduced in this case, you must be satisfied by a fair preponderance of all the evidence that he did actually pay fare. In this case, intention to pay fare is immaterial. The bur-

1 Reported in 84 N. W. 652.

den of proving the payment of fare, as already suggested, is upon the plaintiff. He has himself testified that he paid his fare on this car by handing a specific coin—a nickel, a five-cent piece— to the conductor in charge of that car. That is the only way and the only means by which plaintiff claims his fare was paid to the defendant to become a passenger. He offers the testimony of Henry Wendt to substantiate him in the payment of the particular coin, to wit, the nickel, as fare. In view of this specific testimony as to the specified coin by means of which fare was paid, and in view of the fact that the burden of proving the payment of fare is upon the plaintiff, under the evidence in this case I charge you that unless you find that the plaintiff paid his fare by handing a nickel, or a five-cent piece, to the conductor, as plaintiff and Henry Wendt testified, then there is no evidence of payment of fare, and plaintiff was not a passenger at the time of the accident, and consequently is not entitled to recover, and your verdict must be for the defendant."

The court refused the request, and gave the following:

"Now, gentlemen, it is proper for you to consider all the testimony bearing upon the question as to whether this defendant paid his fare or not. Of course, it matters not whether he paid his fare with a nickel, or with pennies, or in any other way. If in fact he did pay his fare, then he became a passenger upon the car. But, of course, it is proper for you to carefully remember the proof he offers in regard to the payment of the fare, and what other witnesses have testified in regard to the payment of the fare; for, even while he may be mistaken in regard to the manner in which he paid his fare, still if in fact he did pay his fare he thereby became a passenger. But if he was mistaken—has given incorrect testimony in your presence—in regard to the manner of paying his fare, that is proper for you to consider upon the credibility which is to be given to his testimony and the testimony of the other witnesses in this regard."

It was not error to refuse the request, if for no other reason because it is argumentative, involved, and indefinite. If the intention was to charge the jury that there was no other evidence upon the question of payment of fare except the testimony of the boy and Wendt that it was paid by a nickel, the request was properly denied, because the ultimate question to be determined was whether plaintiff had paid his fare, and not how he paid it, and defendant was not entitled to withdraw from the jury a consideration of all of the evidence bearing upon the question. Was the

boy attempting to steal a ride or riding as any other person might on a crowded car? Did the conductor see him and treat him as any other passenger when collecting fares? All these matters were proper to consider in that connection. For the reasons given by the trial court in the modified instruction, the request was properly refused, and the modification was a correct statement of the law.

Order affirmed.